**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

TOMMY WHITE                                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:08cv111-KS-MTP

CHRISTOPHER EPPS, *et al.*                                              DEFENDANTS

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

THIS MATTER is before the court on the Plaintiff's Motion [51] for Default Judgment

against Defendant Howard Everett.  Having considered the Plaintiff's motion, along with

documents made a part of the record of this case and the applicable law, the court finds that the

motion should be DENIED.

In his Motion [51] filed on June 29, 2009, Plaintiff asks the court to enter a default judgment

against Defendant Howard Everett, claiming he has been served with process and has failed to

timely respond.  The docket reflects that Howard Everett filed his Answer and Defenses [52] on

June 30, 2009.

The entry of a default judgment is not appropriate under the circumstances of this case, as

this Defendant has not "failed to plead or otherwise defend" in this action.  *See* Fed. R. Civ. P.

55(a).  Moreover, "a party is not entitled to a default judgment as a matter of right, even where

the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)

(quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a

drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme

situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav.

Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  Finally, this action is subject to the Prison Litigation

Reform Act of 1995, which provides that "No relief shall be granted to the plaintiff unless a

reply has been filed."  42 U.S.C. § 1997e(g)(1).

While Mr. Everett's answer may be untimely,[1] the court finds that Plaintiff will suffer no

prejudice by the minimal delay of the filing of his answer.  Accordingly,

IT IS, THEREFORE, ORDERED:

That the Plaintiff's Motion [51] for Default Judgment against Defendant Howard Everett

is DENIED.

SO ORDERED this the 7th day of July, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[1]During the omnibus hearing on May 12, 2009, attorneys Pelicia Hall and Charles Irvin
represented that they would accept process on behalf of Howard Everett.  Accordingly, the court
directed the clerk to re-issue summons for Mr. Everett and serve process on Ms. Hall and Mr.
Irvin on his behalf.  *See* Order [38].  The clerk re-issued summons to Mr. Everett and mailed a
copy to Ms. Hall and Mr. Irvin on May 15, 2009.  *See* Summons [40].