**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

TOMMY WHITE                                                                                   PLAINTIFF

VS.                                                         CIVIL ACTION NO. 2:08-CV-111-KS-MTP

CHRISTOPHER EPPS, ET AL.                                                            DEFENDANTS

**ORDER**

THIS MATTER is before the court upon Plaintiff's motion [65] to be transferred from South Mississippi Correctional Institution (SMCI). Having considered the motion, the court finds that it is not well-taken and should be denied.

In support of his request to be transferred, Plaintiff avers that he has lawsuits pending "against a high number of senior staff" at SMCI, and that as a consequence, he is being treated "with the provocation of undue dignity" at SMCI. Plaintiff also claims that his personal property, including legal work, has been "unnecessarily and intentionally distorted, tossed and thrown around by staff," and that he has been told by staff that "they don't give a dam [sic] about policy or the court." *See* [19].

Plaintiff has no constitutional right to be incarcerated in a certain facility, even if life in one prison may be much more disagreeable than in another. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*, 2006 WL 3825236, at * 4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, 2002 WL 1610584, at * 3 (N.D. Tex. July 19, 2002); *Hines v. Cain*, 2007 WL 891880, at * 14 (E.D. La. Mar. 20, 2007). Moreover, it is well-settled that prison officials are given wide latitude in the daily operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979).

Plaintiff's claim that he has been, or will be, retaliated against at SMCI is purely speculative and, as such, is insufficient to justify the extraordinary relief requested. *See*, *e.g.*, *Hines v. Cain*, 2007 WL 891880, at * 14 (E.D. La. Mar. 20, 2007) (denying request for injunctive relief and transfer to another prison based on prisoner's fear of retaliation from prison officers because plaintiff's "wholly unsubstantiated allegations are the rankest form of speculation."). Moreover, Plaintiff's unsubstantiated allegations regarding the actions of staff at SMCI do not rise to a constitutional level or otherwise justify relief at this juncture.

IT IS ORDERED that Plaintiff's motion [65] to be transferred from SMCI is denied.

SO ORDERED on this 7th day of August, 2009.

s/ Michael T. Parker<br>
United States Magistrate Judge